## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DENNIS A. HARGRETTE, et al.,** ) | **CASE NO. 4:07 CV 2094** |
| ) | |
| **Plaintiffs,** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **v.** ) | |
| ) | **ORDER** |
| **RMI TITANIUM COMPANY** ) | |
| ) | |
| **Defendant.** ) | |

The above-captioned matter came before the Court for a status conference on 8, 2007, at 2:30 p.m. before the Honorable Peter C. Economus, United States District Judge.

The district court has a "continuing obligation" to enquire into the basis of subject matter jurisdiction to satisfy itself that jurisdiction to entertain an action exists. Nationwide Mut. Ins. Co. v. Cisneros, 52 F.3d 1351, 1361 (6th Cir.1995). This is particularly so in removal actions, where "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to the state court]." 28 U.S.C. § 1447 (c). "Unlike other issues not involving the merits of a case, subject matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court itself." Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992); accord FED. R. CIV. P.12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Jurisdiction may not be presumed and

may not be gained by consent, inaction, or stipulation. <u>Sweeton v. Brown</u>, 27 F.3d 1162, 1168 (6th Cir. 1994).

The Court *sua sponte* orders that the above-captioned case be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Court of Common Pleas, Trumbull County.

**IT IS SO ORDERED.**

                                             **/s/ Peter C. Economus - 08/09/07**
                                             **PETER C. ECONOMUS**
                                             **UNITED STATES DISTRICT JUDGE**